## BROTHERHOOD OF RAILWAY CLERKS NATIONAL BANK v DuBOIS et

Ohio Appeals, 1st Dist, Hamilton Co

No. 3881. Decided June 8, 1931

J. H. Hoodin, Cincinnati, for Brotherhood of Railway Clerks National Bank.

Renner & Renner, and D. R. Tate, Cincinnati, for DuBois et.

HAMILTON, J.

The plaintiff in error Bank contends that there was no misjoinder or defect of parties defendant, as it had a right under the provisions of the note, it being a joint and several note, to bring its action against intermediate parties of the several makers of the instrument. This the Bank had a right to do under favor of §11,258, GC, which reads as follows:

"One or more of the persons severally liable on an instrument may be included in the same action thereon."

The action is against two of the persons severally liable on the instrument, which is "one or more of the persons severally liable" and is within the express provisions of the statute.

Counsel for the defendant in error in the brief say:

"We do not here contend that plaintiff cannot sue an intermediate number of several makers of an instrument. However, in the absence of an allegation in the petition from which it can be ascertained whether or not plaintiff was proceeding on the theory that the makers were being sued jointly or severally, we contend the demurrer was properly sustained, * * *."

This statement shows an abandonment of the theory of misjoinder or defect of parties defendant, but bears on the sufficiency of the allegations in the petition to maintain the action.

If the defendants were entitled to be informed as to whether or not plaintiff was proceeding against makers jointly or severally, the question should have been raised by a motion to make definite and certain,

and not by demurrer on the grounds stated. Moreover, the petition sets up the note in full with all the indorsements and the names of all the makers. The defendants named in the petition are two of the signers of the instrument. It is therefore clear that the plaintiff was proceeding against two of the makers of the instrument, and under the statute the other makers were not necessary parties to the suit. The plaintiff had the right to sue one or more of the makers.

In this view of the case, the judgment of the trial court will be reversed, and the cause will be remanded to the Court of Common Pleas with instructions to overrule the demurrer, and for further proceedings according to law.

ROSS, PJ, and CUSHING, J, concur.